UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv153-FDW

| | |
|---|---|
| WILLIE EXXIE MCLENDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Willie Exxie McLendon's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on January 9, 2013, was found guilty by an Iredell County Superior Court jury of two counts of cocaine trafficking. Petitioner was given a sentence of 175 to 219 months imprisonment. (Pet. 1, Doc. No. 1.)[1]

On April 15, 2014, the North Carolina Court of Appeals issued an unpublished decision finding that Petitioner had received a trial free of prejudicial error. State v. McLendon, 758 S.E.2d 902, 2014 WL 1464300 (N.C. Ct. App. 2014) (Table). Petitioner filed a petition for discretionary review ("PDR") in the North Carolina Supreme Court on May 22, 2014. State v. McLendon, 762 S.E.2d 217 (N.C. 2014) (Mem). The North Carolina Supreme Court dismissed it as untimely. See id.; see also State v. McLendon, 762 S.E.2d 218 (N.C. 2014) (Mem) (denying Petitioner's motion to deem his PDR timely filed).

---

[1] Citations to the Petition use page numbers generated by the District Court's electronic filing system.

1

On June 2, 2015, Petitioner filed a motion for appropriate relief ("MAR") in the Iredell County Superior Court. (Pet., supra, at 2.) It was denied on July 2, 2015. (Pet., supra.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on October 13, 2015, seeking review of the denial of his MAR; the certiorari petition was "dismissed or denied" on October 22, 2015. (Pet., supra, at 2-3.)

Petitioner signed the instant federal habeas Petition before a notary on November 18, 2015, and swore under penalty of perjury that it was placed in the prison mail box the same day. (Pet., supra, at 14.) However, an accompanying exhibit was dated December 20, 2015 (Letter to Clerk of Court 1, Doc. No. 1-1), which conclusively demonstrates Petitioner did not place his habeas Petition in the prison mail system before that date. The Petition and exhibit were received and docketed in this Court on December 22, 2015.

After conducting an initial review of the Petition, the Court concluded that it appeared to be time-barred. (Doc. No. 4.) Because Petitioner failed to address the timeliness issue in his habeas Petition, the Court provided him another opportunity to explain why his Petition should not be dismissed as untimely. Petitioner has filed a Response (Doc. No. 5), and this matter is ripe for final review.

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-

year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [2] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment in Petitioner's case was entered on January 9, 2013, when he was sentenced. As noted, the North Carolina Court of Appeals rejected Petitioner's challenge to his convictions on April 15, 2014. Petitioner then had thirty-five days, up to and including May 20, 2014, to file a petition for discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk.").

According to the records before this Court, appellate counsel filed Petitioner's PDR on May 22, 2014, along with a motion to have the PDR deemed timely filed. See State v. McLendon, 762 S.E.2d 218 (N.C. 2014) (Mem) (denying Petitioner's motion to deem his PDR timely filed). Because the appellate court denied the motion and dismissed the PDR, Petitioner's conviction became final on May 20, 2014, when the time for seeking review expired. See §

---

[2] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

2244(d)(1)(A). The federal statute of limitations then ran for 365 days until it fully expired on May 20, 2015, thirteen (13) days before Petitioner filed his MAR in the Iredell County Superior Court. Thus, absent equitable tolling, Petitioner's habeas petition is time-barred. See id.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner has provided a copy of a May 1, 2014 letter from his appellate attorney, C. Scott Holmes, requesting permission to file a PDR on Petitioner's behalf and warning Petitioner of the thirty-five day deadline. (Holmes Letter 3, Doc. No. 5.) He also provided a copy of what appears to be a letter from Petitioner giving Holmes permission to file the PDR. The letter is dated May 6, 2014. (Letter to Holmes 4, Doc. No. 5.)

In his letter, Holmes asked Petitioner to fill out a pre-prepared form, which was attached to the letter, giving him permission to file a PDR. Holmes included a self-addressed stamped envelope for Petitioner to use. (Holmes Letter, supra.) In short, he made it as easy as possible for Petitioner to respond immediately upon receiving the letter. It appears, however, that instead of using the form, Petitioner, or someone on his behalf, wrote a letter to Holmes in response. (Letter to Holmes, supra.) Although Petitioner's letter is dated May 6, 2014, there is nothing to indicate when Petitioner placed it in the prison mail system. Indeed, Petitioner merely notes the

4

date of the letter; he does not assert that he mailed it on May 6, 2014.  (Doc. No. 5 at 1, 2.)

Regardless, even if his attorney was entirely at fault for failing to file the PDR on time, Petitioner is not entitled to equitable tolling of the statute of limitations.  His PDR was dismissed on August 19, 2014.  He did not file his MAR for another nine months.  Petitioner did not file a petition for writ of certiorari in the appellate court until three months after his MAR was denied.  Even once he had his federal habeas Petition drafted and signed, he did not mail it for more than a month.  In other words, Petitioner has not displayed the necessary diligence pursuing his rights in state and federal court to warrant equitable tolling.  Moreover, Holmes's actions, to the extent he was at fault, are attributable to Petitioner, "and thus, do not present 'circumstances external to [Petitioner's] own conduct[.]'"  Rouse v. Lee, 339 F.3d 238, 249 (4th Cir. 2003) (quoting Harris, 209 F.3d at 330).

In sum, the instant habeas Petition is untimely under § 2244(d)(1)(A), and Petitioner has demonstrated neither the diligence nor extraordinary circumstances required to justify equitable tolling in this case.  See Holland, 560 U.S. at 649.  Thus, the Petition must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 15, 2016

Frank D. Whitney
Chief United States District Judge